UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:93-CR-119-2 |
| | § | |
| BURTON EDWARD BAILEY, JR. | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed April 28, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on October 13, 1993, before The Honorable Joe J. Fisher, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of unlawfully taking a motor vehicle by use of force and violence while

possessing a firearm, a Class C felony.  This offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of IV, was 135 to 168 months. Defendant was subsequently sentenced to 140 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure for monitoring restitution payments; defendant shall not incur new credit charges or open additional lines of credit without U.S. Probation's Office approval, unless defendant is in compliance with the payment schedule; $1,364.77 restitution; and a $50 special assessment.

## II.  The Period of Supervision

On April 12, 2004, defendant completed his period of imprisonment and began service of the supervision term.  Defendant's case was reassigned to The Honorable Howell Cobb, U.S. District Judge for the Eastern District of Texas, on January 9, 2001.  Defendant's case was then reassigned to Marcia A. Crone, U.S. District Judge for the Eastern District of Texas, on January 12, 2006.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on April 28, 2006.  The petition alleges that defendant violated the following conditions of release:

  Mandatory Condition:    Defendant shall refrain from any unlawful use of a controlled substance.

  Standard Condition:    Defendant shall not leave the judicial district without the permission of the court or the probation officer.

  As grounds, the petition alleges that defendant submitted urine specimens on June 28, 2005, which tested positive for cocaine and phencyclidine; on June 30, 2005, which tested positive for cocaine; on January 23, 2006, which tested positive for cocaine and marijuana; and on April 5, 2006, which tested positive for cocaine. In addition, on January 22, 2006, defendant traveled to Fort Worth, Texas, without permission of the court or the U.S. Probation Office.

### IV.  Proceedings

  On May 15, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

  At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would plead "true" to all allegations. In exchange, the government would agree that the violations are Grade C. Further, the parties agreed that the court would revoke defendant's

supervised release and impose three (3) months imprisonment; followed by a eighteen (18) month period of supervised release for which the first ninety (90) days will be served in a community confinement center.

Pursuant to that agreement, defendant pleaded "true" to all allegations.

### V. Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervised release by failing to refrain from unlawful use of a controlled substance and by leaving the Eastern District of Texas without permission, defendant will be guilty of committing Grade C violations. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. §

7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to all allegations that he violated conditions of supervised release by failing to refrain from unlawful use of a controlled substance and by leaving the Eastern District of Texas without permission. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 6 to 12 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from unlawful use of a controlled substance and by leaving the judicial district without permission. As such, incarceration appropriately addresses defendant's violation.

### RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release, by failing to refrain from unlawful use of a controlled substance and by leaving the judicial district without permission, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3.  Defendant should be sentenced to a term of imprisonment of three (3) months.

4.  Upon release of imprisonment, defendant should be placed on supervised release for a term of eighteen (18) months, with the first ninety (90) days of the term of supervised release to be served in a Community Confinement Center. Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

    a.  Defendant shall not illegally possess a controlled substance.

    b.  Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

    c.  Defendant shall reside in and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than ninety (90) days from admission. The defendant shall abide by all rules and regulations of the center and shall be required to pay subsistence to the Community Corrections Center.

**OBJECTIONS**

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to

revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this   16   day of May, 2006.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge