UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:93-CR-119-2 |
| | § | |
| BURTON EDWARD BAILEY, JR. | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed October 13, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

I.  The Original Conviction and Sentence

Defendant was sentenced on October 13, 1993, before The Honorable Joe J. Fisher, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of unlawfully taking a motor vehicle by use of force and violence while possessing a firearm, a Class C felony. This offense carried a statutory maximum

imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of IV, was 135 to 168 months. Defendant was subsequently sentenced to 140 months imprisonment followed by three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure for monitoring restitution payments; defendant shall not incur new credit charges or open additional lies of credit without U.S. Probation Office's approval unless defendant is in compliance with the payment schedule; $1,364.77 restitution; and a $50 special assessment.

## II. The Period of Supervision

On April 12, 2004, defendant completed his period of imprisonment and began service of the supervision term. Defendant's case was later reassigned to The Honorable Howell Cobb, U.S. District Judge for the Eastern District of Texas, on January 9, 2001, and later reassigned due to Judge Cobb's death, to The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas, on January 12, 2006. Defendant's term of supervised release was revoked on May 30, 2006, and he was sentenced to three months imprisonment followed by an eighteen month term of supervised release, to include a three month stay at a Community Corrections Center. On August 7, 2006, the defendant began service of his subsequent term of supervised release.

### III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 13, 2006. The petition alleges that defendant violated the following conditions of release:

> Special Condition: Defendant shall reside in and participate in the community corrections component of a Community Corrections Center, as instructed, until successfully discharged by the center director, but no longer than 90 days from admission. The defendant shall abide by all rules and regulations of the center and shall be required to pay subsistence to the Community Corrections Center.

As grounds, the petition alleges that defendant left the Community Corrections Center on August 29, 2006 to have a physical examination, which is required by the Center. The defendant was late in reguring to the Center. He also admitted that on this date he traveled to a family member and friend's residence which was not authorized by the Center staff. The petition also alleges that on October 7, 2006, a Center staff member found the defendant to be in possession of a cellular phone. The defendant admitted he was aware that having a cell phone at the Center is a violation of the rules. The petition further alleges that on October 7, 2006, the defendant was discovered in an unauthorized area behind the Center, where he was talking on a cellular phone. Being in an unauthorized area is a violation of the Center's policy. Finally, the petition alleges that on October 4, 2006, the defendant left the Center to search for a residence where he could reside upon his

release from the Center.  He was not authorized to go anywhere other than the destinations listed on his daily activity log.  The defendant traveled to a location on College Street in Beaumont to see his ex-girlfriend, which was not authorized.

### IV.  Proceedings

On November 16, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition by returning late to the Center on August 29, 2006, and traveling to a family member and friend's residence on that date.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 24

months. As the defendant's supervised release has been revoked previously, and he served 3 months imprisonment, his new statutory maximum term of imprisonment is 21 months.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to abide by Center rules, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. §

      994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

### VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to abide by Center rules. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violation is a Grade C violation with policy guidelines suggesting 6 to 12 months imprisonment upon revocation.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to abide by Center rules. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a special condition of supervised release, by failing to abide by Center rules, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of ten (10) months, plus twenty-seven (27) days, the remainder of the time defendant should have served at the Center.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __21__ day of November, 2006.

_____
Earl S. Hines
United States Magistrate Judge